**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VASKIN DERBASIKHIAN, | No. 10-70727 |
| Petitioner, | Agency No. A095-618-026 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Vaskin Derbasikhian, a native and citizen of Syria, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Derbasikhian established changed or extraordinary circumstances excusing his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5); 8 U.S.C. § 1158(a)(2)(D) (changed circumstances must "materially affect the applicant's eligibility for asylum[.]"). We reject Derbasikhian's contention that the BIA ignored evidence that showed changed circumstances in Syria between 2001 and 2004. Consequently, his asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Derbasikhian's asylum application and testimony about whether or not he lost consciousness after being beaten in a park. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (inconsistencies between testimony and declaration regarding the degree of abuse supported adverse credibility determination); *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("[m]aterial alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). Derbasikhian's explanations

do not compel a contrary result. *See Kohli*, 473 F.3d at 1071. Further, contrary to his contention, the BIA did not find that he "did not explain the inconsistency." In the absence of credible testimony, Derbasikhian's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Derbasikhian's CAT claim also fails because is based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he will be tortured if returned to Syria. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) (record showed torture occurred in petitioner's home country but did not compel finding that petitioner would be tortured).

**PETITION FOR REVIEW DENIED.**